UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DAVID YOUNG-WOLFF,

                Plaintiff,                              13-CV-4372 (KMW)
      -against-                                          **OPINION and ORDER**

McGRAW-HILL SCHOOL EDUCATION
HOLDINGS, LLC and McGRAW-HILL GLOBAL
EDUCATION HOLDINGS, LLC,

                Defendants.
----------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Plaintiff David Young-Wolff, a professional photographer, claims that Defendants McGraw-Hill School Education Holdings and McGraw-Hill Global Education Holdings infringed his copyrights in hundreds of photographs by using the images outside the scope of applicable licenses. The Court dismissed Plaintiff's initial complaint because it did not adequately plead the time period of Defendants' alleged infringement. *Young-Wolff v. McGraw-Hill Companies*, No. 13-CV-4372, 2014 WL 349711, at *5 (S.D.N.Y. Jan. 31, 2014). Plaintiff then filed his First Amended Complaint ("FAC"), which reiterates the initial complaint's allegations and adds new pleadings concerning the timing of infringement. The FAC also adds an unjust enrichment claim as an "alternative" cause of action.

      Defendants have moved to dismiss the FAC in its entirety. (*See* Def. Mot. to Dismiss Mem. [ECF No. 32]; Def. Mot. to Dismiss Reply [ECF No. 34]). They make three arguments: (1) that the FAC fails to adequately plead the nature of Defendants' infringement because it does not specify which license terms Defendants violated; (2) that the FAC fails to adequately plead the time period of Defendants' infringement because its allegations concerning timing are

1

implausible and insufficiently specific; and (3) that the unjust enrichment claim is preempted by the Copyright Act.

For the reasons that follow, the Court DENIES Defendants' motion to dismiss as it applies to the copyright infringement claim, but GRANTS the motion as it applies to the unjust enrichment claim.

## I. Background

Plaintiff filed his initial complaint against the McGraw-Hill Companies ("MHC"), a publisher of textbooks and other educational materials. The complaint alleged that Plaintiff owned the copyrights for hundreds of photographs; that he or a licensing agent had granted MHC limited licenses for those photographs; and that MHC had committed copyright infringement when it "copied and distributed" the photographs "either without authorization or in excess of limited licenses." (Compl. ¶¶ 6–10 [ECF No. 1]). The complaint identified eight specific ways in which MHC had infringed Plaintiff's copyrights:

- Publishing Plaintiff's works without permission;
- Reusing Plaintiff's works in subsequent editions of titles without obtaining a valid license prior to publication;
- Publishing Plaintiff's works prior to obtaining a valid license;
- Exceeding the limitations of licenses by printing more copies of the publications than was authorized;
- Exceeding the limitations of licenses by publishing Plaintiff's works in electronic, ancillary, or derivative publications without permission;
- Exceeding the limitations of licenses by publishing Plaintiff's works in foreign editions of publications without permission;
- Exceeding the limitations of licenses by distributing publications outside the authorized distribution area; and/or
- Refusing to provide usage information to Plaintiff relating to photographs owned by Plaintiff.

*Id.* ¶ 26.

Exhibit 1 to the initial complaint, a spreadsheet, listed the photographs allegedly infringed and provided four types of information for each image: (1) an image number; (2) a

description of the image; (3) the title of an MHC publication in which the image appeared; and (4) the name of the licensing agent, if any, that negotiated a license for the photograph with MHC. *Id*. Ex. 1. The complaint did not identify precisely how Defendants infringed each particular photograph. It also failed to make any allegation about when Defendants' infringement took place.

The Court dismissed the initial complaint's copyright claim as inadequately pled because it failed to allege the time period of MHC's infringement. *Young-Wolff*, 2014 WL 349711, at *5. A properly pled copyright claim, the Court explained, must allege four distinct types of information, often called "*Kelly* factors":

> 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright.

*Id.* at *2 (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (Connor, J.), *aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994)). There was no dispute that the initial complaint adequately pled the first two *Kelly* factors, and the Court held that it also adequately pled the third factor. *Id.* at *2–3. But the initial complaint failed to adequately plead the fourth *Kelly* factor. Although it sufficiently alleged "by what acts" MHC infringed Plaintiff's copyrights, the initial complaint failed to identify "during what time" those acts of infringement took place. *Id.* at *4–5.

Plaintiff then filed the FAC, which names Defendants as corporate successors to MHC. The FAC reiterates the initial complaint's factual allegations, with two additions related to the timing of infringement. First, alongside the image number, image description, publication title, and licensing agent for each photograph allegedly infringed, the FAC identifies the date of a license invoice or royalty statement. (*See* FAC Ex. 1). Second, the FAC alleges that

3

Defendants' infringement "occurred on or about or in close proximity to [those] dates," or "shortly after." (FAC ¶¶ 37–38).

The FAC also adds a new claim for unjust enrichment. That claim is styled as an "alternative" cause of action, for which Plaintiff could recover only "in the event that [Defendants'] misconduct does not constitute copyright infringement." *Id.* ¶ 48.

## II. Copyright Infringement

Defendants argue that the FAC's copyright claim must be dismissed because it fails to adequately plead either the nature or the time period of Defendants' alleged infringement. The Court disagrees.

### A. Nature of Infringement

Like the initial complaint, the FAC identifies eight ways in which Defendants infringed Plaintiff's copyrights, including the following four ways in which Defendants violated applicable license restrictions:

- Exceeding the limitations of licenses by printing more copies of the publications than was authorized;
- Exceeding the limitations of licenses by publishing Plaintiff's works in electronic, ancillary, or derivative publications without permission;
- Exceeding the limitations of licenses by publishing Plaintiff's works in foreign editions of publications without permission;
- Exceeding the limitations of licenses by distributing publications outside the authorized distribution area.

(FAC ¶ 30; *cf.* Compl. ¶ 26). As the Court previously explained when analyzing the initial complaint, those allegations adequately describe "by what acts" Defendants infringed Plaintiff's copyrights. *See Young-Wolff*, 2014 WL 349711, at *4–5. By specifying eight particular types of infringement, the FAC "provides sufficient notice . . . as to how the copyrights at issue have been infringed, as [Defendants] may, in an abundance of caution, assume that [they are] being accused

of violating each license in every way identified." *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 618 (S.D.N.Y. 2013) (Oetken, J.) (internal quotation marks omitted).

Defendants' argument to the contrary is unpersuasive. Disregarding the reasoning behind the Court's previous holding, Defendants contend that the FAC fails to adequately plead which "license terms" were violated. (Def. Mot. to Dismiss. Reply at 7; *see also* Def. Mot. to Dismiss Mem. at 9–11). As noted above, however, the FAC identifies four types of license restrictions that Defendants disregarded. (*See* FAC ¶ 30). That pleading is sufficient to provide fair notice of the nature of the alleged infringement. To the extent that Defendants demand more specificity — including which individual license terms were violated for each particular photograph — they misconstrue the applicable pleading standard. *See Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 354 (S.D.N.Y. 2014) (Failla, J.) (holding that the plaintiff's failure to identify "information regarding the license limits" for each allegedly infringed photograph "does not render the FAC insufficient, because Plaintiff need not include these allegations in order to plead his claim for copyright infringement adequately"); *Warren*, 952 F. Supp. 2d at 618 ("[I]t is not fatal to Young–Wolff's copyright claim that the Complaint fails to specify how each particular photograph has been infringed."); *Palmer Kane LLC v. Scholastic Corp.*, 12-CV-3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) (Griesa, J.) ("[T]he complaint need not specify which copyright is infringed by which act.").

B.  Time Period of Infringement

Unlike the initial complaint, the FAC alleges a time period for Defendants' infringement: "in close proximity to" or "shortly after" the invoice and royalty statement dates identified in Exhibit 1. Construing those allegations in the light most favorable to Plaintiff, the Court reads the FAC as pleading that (1) any act of "[p]ublishing Plaintiff's works prior to obtaining a valid license," (FAC ¶ 30), took place before, but "in close proximity to," the invoice and royalty

5

statement dates; and (2) any act of "[e]xceeding the limitations of licenses" or "[r]eusing Plaintiff's works in subsequent editions of titles without obtaining a valid license prior to publication," *id.*, took place "shortly after" the invoice and royalty statement dates.

By pleading that Defendants' infringement took place either shortly before or shortly after particular dates related to each photograph's license, the FAC provides fair notice of the approximate timing of Defendants' alleged wrongdoing. The FAC's copyright claim thus remedies the initial complaint's deficiency and satisfies both the fourth *Kelly* factor and Federal Rule of Civil Procedure 8. *See Lefkowitz*, 23 F. Supp. 3d at 354 ("Plaintiff has . . . adequately alleged a time period by asserting that, upon information and belief, Defendants engaged in the infringing conduct after the invoice date listed [for each photograph]. This allegation provides the starting date on which Defendants are alleged to have infringed, and therefore sufficiently identifies the time period during which the infringement may have occurred."); *Senisi v. John Wiley & Sons, Inc.*, No. 13-CV-3314 [ECF No. 43], at 9 (S.D.N.Y. Mar. 28, 2014) (Swain, J.) ("*Senisi* Opinion") (concluding that a complaint listing invoice or royalty statement dates for infringed photographs, and alleging that the infringement took place "in close proximity to or shortly after" those dates, was "sufficient to indicate the approximate time frame" of infringement)[1]; *E. Broadcasting Am. Corp. v. Universal Video, Inc.*, No. 04-CV-5654, 2006 WL

---

[1] In concluding that the *Senisi* plaintiffs had provided sufficient information about the timeframe of infringement, Judge Swain noted that the plaintiffs also identified "the edition of the publication in which [each] photograph was published," "the license start dates," and "the authorized print run." (*Senisi* Opinion at 9). Defendants argue that *Senisi* is distinguishable because Plaintiff failed to provide those additional types of information in the FAC. (*See* Def. Mot. to Dismiss Reply at 4).
 The Court disagrees. Of the three additional types of information that Judge Swain mentioned in *Senisi*, only "license start dates" would be relevant to the time period (as distinct from the nature) of the alleged infringement. Those dates, although potentially helpful to a defendant, are not necessary to adequately plead "during what time" infringement occurred. Invoice and royalty statement dates alone can provide adequate notice of timing, where infringement is alleged to have occurred "in close proximity to" or "shortly after" those dates.

6

767871, at *3 (E.D.N.Y. Mar. 24, 2006) (holding that the plaintiff sufficiently alleged the time frame of copyright infringement by alleging that it took place "on or before" a particular date).

Defendants' arguments to the contrary are unavailing. They contend, first, that the FAC's timeline for infringement is not "plausible on its face," as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But it is plausible, under *Twombly*'s definition of the term, that Defendants' infringement occurred during a time period ranging from shortly before to shortly after the invoice and royalty statement dates for Plaintiff's photographs. *Cf. Senisi* Opinion at 9 (approving pleading that the defendant's infringement occurred "in close proximity to or shortly after" invoice and royalty statement dates). Defendants also contend that the FAC's timeline for infringement — even if plausible — is "too imprecise to satisfy the pleading requirements for a copyright claim," because the phrases "in close proximity to" and "shortly after" are too "vague" to "satisfy the 'fair notice' requirement under Rule 8(a)." (Def. Mot. to Dismiss Mem. at 8–9). As explained above, the Court disagrees. The FAC's language, although somewhat imprecise, provides fair notice of the approximate time period of Defendants' alleged infringement. That is all that Rule 8 requires. *Cf. Lefkowitz*, 32 F.Supp.3d at 354; *Senisi* Opinion at 9.

**III.     Unjust Enrichment**

The Copyright Act preempts a state law claim "when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act . . . and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). In other words, when a state

7

law claim is essentially identical to a copyright infringement claim, the state law claim is preempted.

Under that standard, an unjust enrichment claim is generally preempted where it seeks damages for the unauthorized use of a copyrighted work. Such a claim is essentially identical to a copyright infringement claim, because it is premised on the violation of a copyright. *See, e.g.*, *Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 509 (S.D.N.Y. 2008) (McMahon, J.) (barring an unjust enrichment claim that sought damages for unauthorized use of copyrighted works). But an unjust enrichment claim is not preempted if it seeks relief based on the defendant's use of a non-copyrighted work or authorized use of a copyrighted work, neither of which involves the violation of a copyright. *See, e.g.*, *Ulloa v. Universal Music & Video Distribution Corp.*, 303 F. Supp. 2d 409, 419 (S.D.N.Y. 2004) (Jones, J.) (holding that an unjust enrichment claim that sought relief based on the defendant's use of a non-copyrighted work or authorized use of a copyrighted work was not preempted by the Copyright Act). A plaintiff may plead a non-preempted unjust enrichment claim "in the alternative" to a copyright infringement claim, where the existence (and thus the violation) of an underlying copyright is in dispute. *See id.* (permitting this type of alternative pleading).

In the FAC, Plaintiff pleads his unjust enrichment claim as follows:

> 48. In the alternative, Plaintiff alleges that, in the event that McGraw-Hill's misconduct does not constitute copyright infringement then its misconduct constitutes unjust enrichment under New York, California, and/or the common law.

> 49. In the event that McGraw-Hill contends that its use of Plaintiffs' photos outside the or beyond the terms of its license does not constitute a license violation and thus an infringement of Plaintiff's copyrights, then McGraw-Hill's misuse of Plaintiff's photos still violated Plaintiff's rights to the extent that McGraw-Hill was unjustly enriched by its excessive and/or uncompensated use of Plaintiff's photos.

> 50. In each instance that McGraw-Hill used Plaintiff's photos without obtaining a license and/or beyond the terms of its limited license, McGraw-Hill either failed to

pay the requisite license fee and/or paid a lower license fee than was required for the actual uses it made of Plaintiff's photos. In both cases, McGraw-Hill's misconduct deprived Plaintiff of his rightful license fees and/or royalties.

(FAC ¶¶ 48–50).

Plaintiff's unjust enrichment claim is preempted because it seeks damages for the violation of his copyrights, in the form of wrongfully withheld "license fees and/or royalties." *Id.* ¶ 50. Plaintiff does not seek relief on the alternative factual premise that his photographs were not copyrighted, or that Defendants' use of the images was licensed. *Cf. Ulloa*, 303 F. Supp. 2d at 419. Rather, Plaintiff restates the premise for his copyright infringement claim and then proposes the doctrine of unjust enrichment as an alternative vehicle for recovering royalties owed. That type of claim is impermissible. *See Briarpatch*, 373 F.3d at 305.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss as it applies to Plaintiff's copyright infringement claim, but GRANTS the motion as it applies to the unjust enrichment claim.

In order to proceed with the copyright claim, however, Plaintiff must submit an amended Exhibit 1 to the First Amended Complaint by April 8, 2015. The current version of that exhibit appears to contain several incomplete publication titles. (*See, e.g.*, FAC Ex. 1 at 1 (listing publication titles "Understanding Human" and "Core Concepts in")). The amended version must list all titles in full.

SO ORDERED.

Dated: New York, New York
       March 27, 2015

/s/
Kimba M. Wood
United States District Judge